IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT GRAY,

    Plaintiff,

      v.

WAYNE F. CURRIE and JANICE
CURRIE,

    Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-3211-TWT

## OPINION AND ORDER

This is an action seeking contribution.  It is before the Court on the Plaintiff's

Motion for Summary Judgment [Doc. 13].  For the reasons set forth below, the

Plaintiff's motion is DENIED.

## I. BACKGROUND

The Plaintiff, Robert Gray, was a shareholder, director and chief executive

officer of American Outreach Media ("AOM"), a Georgia corporation.  Defendant

Wayne Currie was the chief financial officer of AOM, and was also a shareholder and

director.  Defendant Janice Currie is the wife of Wayne Currie.

On or about January 17, 1997, the Sheldon Hearst Charitable Unitrust

("Unitrust") purchased redeemable preferred stock in AOM.  Under the terms of

AOM's documents of incorporation, AOM was obligated to redeem the preferred

stock purchased by Unitrust upon the happening of certain events.  In order to induce Unitrust to purchase AOM's preferred stock, the Plaintiff and the Defendants executed separate written guaranties of AOM's redemption obligation.  These guaranties obligated each of them to pay the redemption obligation in the event of AOM's default.  Concurrent with his guaranty obligation, the Plaintiff also signed a Demand Promissory Note wherein he promised to pay on demand to AOM the amount of $210,000 plus interest accruing from that date for value the Plaintiff received from AOM.  Then, in July of 1997, the Plaintiff, acting in his capacity as chief executive officer of AOM, also loaned $125,000 to his wife's company on behalf of AOM to cover the company's expenses.  In July of 1998, Defendant Wayne Currie resigned as director and chief financial officer of AOM, thereby relinquishing control over AOM's finances and operations.  At the time of Mr. Currie's resignation, AOM was insolvent and had several outstanding obligations to creditors.

On or about April 20, 1999, Unitrust demanded redemption of a portion of the preferred stock in the amount of $340,000.  AOM failed to pay and, as a result, Unitrust filed suit against the Plaintiff in the State Court of Fulton County, Georgia. It thereby obtained a judgment for $406,000.00, which represented the total amount of AOM's redemption obligation plus interest and collection costs.  The Plaintiff paid this judgment on February 22, 2000.  On November 2, 2004, over four years later, the

Plaintiff filed this lawsuit seeking contribution from the Defendants in the pro rata amount of $135,333.33 each.  The Plaintiff now moves for summary judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

### A. Statute of Limitations

As an initial matter, the Defendants contend that this claim is barred by the applicable statute of limitations.  In Georgia, the applicable limitations period for contribution claims filed by one co-maker of a debt against another is four years.  Bell v. Kleinberg, 102 Ga. App. 623 (1960); Sherling v. Long, 122 Ga. 797 (1905).

However, under O.C.G.A. § 9-3-22, "[a]ll actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued." The Plaintiff argues, that because this claim is brought pursuant to a statute, O.C.G.A. § 10-7-50,[1] the applicable limitations period is twenty years.[2] Georgia's courts makes clear, however, that this statute is applicable "only to rights which arise under legislative enactment, and which would not exist except for some act of the legislature." Whirl v. Safeco Ins. Co., 241 Ga. App. 654, 658 n.9 (1999); Houston v. Doe, 136 Ga. App. 583, 584 (1975); Williams v. Clemons, 178 Ga. 619 (1934). The right of contribution,

---

[1]This law states that "[w]here several are sureties for the same principal for the same sum of money, either by one or by distinct instruments, and one pays more than an equal share of the sum, he may compel contribution from his cosureties." O.C.G.A. § 10-7-50. See Marett v. Brice Bldg. Co., Inc., 268 Ga. App. 778, 781 (2004) ("contracts of suretyship and guaranty are indistinguishable").

[2]In support of his argument, the Plaintiff cites Nixon v. Nixon, 196 Ga. 148 (1943), where the Georgia Supreme Court refused to affirm that the 20 year statutory period did not apply to contribution actions brought pursuant to O.C.G.A. § 10-7-50. The statute actually at issue in Nixon, however, concerned the right to a year's support, and the court was asked to determine whether that right can accrue to "a class of individuals" as required under O.C.G.A. § 9-3-22. Id. at 149. The court referenced O.C.G.A. § 10-7-50 only to highlight that the statute's common law origin was alone not "sufficient to prevent it from being a right accruing to a class of individuals by operation of law." Id. at 151. Viewed in light of more recent Georgia precedent emphasizing the limitations of O.C.G.A. § 9-3-22, see, e.g., Whirl v. Safeco Ins. Co., 241 Ga. App. 654, 658  n.9 (1999), this Court finds that Nixon is not determinative on this issue.

by contrast, arises not out of statutory enactment, but is in fact a claim based in equity. See Steele v. Grot, 232 Ga. App. 847, 848 (1998) (stating that the right to contribution is inherently equitable in nature).  Thus, the Court finds that the applicable statute of limitations for this claim is four years.

The Plaintiff does not meet the four year statutory requirement.  His right of contribution claim accrued on February 22, 2000, the date that he paid the judgment to Unitrust.   His attempt to bring this action on November 2, 2004, is thus barred, as the right to bring that claim had expired 10 months earlier.  Summary judgment for the Plaintiff in this case is therefore without merit.

B. The Defendants' Right of Set-off

Assuming, *arguendo*, that this claim is not barred, the Defendants contend that their contribution amount should be set-off by the amount of debt the Plaintiff failed to collect from his wife and himself.  In Georgia, "the right of contribution arises not when the joint obligation is made but when one obligor pays more than his share of the liability."  Steele, 232 Ga. App. at 848 (citations omitted).  "However, 'since the right to contribution is inherently equitable in nature, the rule logically follows that where co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that each has received.' 18 AmJur2d, Contribution, § 23." Id.  One guarantor's negligence or active

misconduct in causing the principal to default will negate his claim of contribution from another guarantor.  Tindall v. Holder, 892 S.W.2d 314, 324 (Mo. Ct. App. 1994); Collins v. Throckmorton, 425 A.2d 146, 149 -150 (Del. 1980).

In Steele, 232 Ga. App. at 847, a business owner paid a lender bank to satisfy unpaid credit card debts.   He then brought a contribution action against his former partner, a co-guarantor on the loan who had since left the business.  The defendant presented evidence, however, that the plaintiff had continued to use the credit cards for both personal and business expenses after the defendant had severed his connections with the business.  The Georgia Court of Appeals denied summary judgment for the plaintiff, concluding that "extensive issues of fact" existed as to whether the defendant's "fair share" was actually half of the debt.  Id. at 848.

The facts of this case are distinct from Steele in that the alleged unequal benefit received by the Plaintiff involved debts unrelated to the guaranty.  However, this principle of equity extends beyond merely the isolated benefits derived from the parties' mutual guaranty.  A court is permitted to examine the business as a whole and assess the overall fairness of requiring all co-guarantors to pay equal shares.  See Tindall, 892 S.W.2d at 326 (holding that a guarantor's conduct, even if not fraudulent, can eliminate his right to contribution if it caused his business to default and decreased his co-guarantor's ability to recoup losses).  This Court finds that the principles of

equity emphasized in <u>Steele</u> allow consideration of any evidence potentially relevant to the issue of equitable contribution.   Here, the Defendants have presented evidence that the Plaintiff's negligence caused the default of AOM.  Specifically, they allege that the Plaintiff chose not to collect debts owed to AOM by both his wife and himself, which would have significantly reduced the amount owed by the obligors. (Defs.' Resp. to Pl.'s Mot. for Summ. J., at 11.)  Rather than collect on those debts, the Plaintiff personally paid the full amount of the guaranty, for which he is now seeking contribution.  The Court finds that a genuine issue of fact exists as to whether the Plaintiff acted negligently in failing to collect outstanding debts, thereby reducing the Defendants' obligation to pay contribution.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 13] is DENIED.

SO ORDERED, this 21st day of November, 2005.

s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge